UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELIZABETH F. CARTER,

    Plaintiff,

v.

TRACY K. HIGGINS,                    Docket No. 06-CV-10942-PBS

    Defendant.

## PLAINTIFF/APPELLANT'S OBJECTION TO DEFENDANTS/APPELLEE'S MOTION FOR DAMAGES AND COSTS

The Plaintiff/Appellant Elizabeth Carter objects to Defendant/Appellee Tracy Higgins' Motion for Damages and Costs for several independent reasons.

### I. The "Motion for Damages and Costs" is a Thinly Veiled Sur-Reply Brief and not Permissible Absent Leave of Court

This case appears before the Court as an appeal from an order of the Bankruptcy Court. Pursuant to the Court's June 6, 2006 Scheduling Order, Appellant Carter filed her brief on June 26, 2006. Appellee Higgins filed his brief on July 17, 2006 and Carter filed her reply brief on July 26, 2006. That closed the briefing.

Now, several weeks after briefing closed, Higgins has filed a motion purportedly asking for damages and costs. However, the real purpose of this motion is obvious and inappropriate: to reply to Carter's reply brief and get the "last word" in the process. The appeal is fully before the Court on the briefs filed by the parties. Only after the Court rules on Carter's appeal will this issue raised by Higgins be ripe for consideration by the Court.

Higgins' current filing is simply another attempt to "poison the well" by continuing the attacks on Carter's counsel.

If the Court upholds Carter's appeal, Higgins' motion will be moot. At this stage the motion constitutes a waste of resources both by Higgins, the Court and Carter in having to address it. Indeed, Higgins' latest motion may itself be sanctionable. The motion should be denied as, at the very least, premature.

## II. Carter Presented All Issues Prior to the Appeal

Higgins argues that Carter's arguments are "frivolous" and warrant sanctions because, prior to the appeal, Carter failed to raise the Rule 60(b)(4) void judgment argument and the 60(b)(6) excusable neglect argument. This is a mischaracterization of the record.

The underlying factual and legal bases of Carter's "void judgment" and "excusable neglect" arguments are set forth in Carter's previous briefs filed with this Court and need not be repeated here in detail. These bases include among other things that the judgment entered by the Bankruptcy Court was void on its face because the papers submitted by Higgins to the Bankruptcy Court in support were facially invalid and, further, that the error committed by Carter's counsel in failing to timely respond to the motions filed by Higgins constitutes "excusable neglect" under the facts and circumstances presented. Both of these arguments were made to the Bankruptcy Court albeit not as formally as presented in Carter's appellate brief due to the emergency nature of and time constraints applicable to Carter's motions in the Bankruptcy Court.

The "excusable neglect" argument consumed the bulk of the hearing before the Bankruptcy Court. (App. 68-77). The "void judgment" argument was not made in so many words, but is in effect what Carter argued in her papers filed below. The Bankruptcy Court

never addressed the merits directly.  In fact, Higgins' counsel had presented papers just prior to the hearing attempting to address the merits of the issues surrounding the propriety of his homestead exemption that had been raised by Carter in her own papers and Carter's counsel asked for additional time to review the alleged proof Higgins' contended supported his position.  (App. 79-83).

Higgins attempts to capitalize on the fact that Carter presented her motions to the Bankruptcy Court in the form of a request for an extension of time and request for reconsideration.  It is true that Judge Somma raised the excusable neglect issue but that is because he converted the motions from the bench formally into one for relief from judgment.  Obviously if the judge addressed the issue below, it was raised below and Higgins' attempt in this current motion to argue otherwise is nonsense.

**III. The Underlying Merits of the Case are Relevant.**

Higgins also attacks Carter's appellate brief for exposing the facial invalidity of his homestead declaration, arguing that the Court should ignore the merits of the issues presented to the Bankruptcy Court in deciding the Rule 60(b) issues.  The merits are relevant because if Carter were unlikely to prevail on the merits of the action, there would be no purpose in granting Rule 60(b) relief.  Higgins cannot hide the fact that he most likely would have lost on the merits if the merits had ever been reached.  Notably, the Bankruptcy Court judge did not address the bogus homestead so no ruling has ever been made on the merits.  Therefore Carter is not attempting to "relitigate" the merits of the appeal but instead demonstrate to the Court that those merits should have been reached in the interests of justice and/or give this Court the chance to decide the merits itself.

**IV. The Balance of Higgins' Memorandum is an Unauthorized Sur-Reply**

The remaining arguments made by Higgins in his motion (the final 12 pages of a 17 page brief) are nothing more than an (often redundant) sur-reply to Carter's own reply memorandum. This is a blatant violation of the rules restricting the filing of repetitive arguments for no apparent purpose other than to get the last word. Carter relies upon her previous briefs filed in this matter to address these issues raised and resists reiterating arguments already made.[1] If the Court requires further briefing, Carter is willing to submit one as required.

**V. Conclusion**

It is ironic that counsel for Higgins laments that Carter's efforts to obtain a merit based review of Higgins' homestead exemption is forcing Higgins "to expend resources he does not have," (Higgins' Motion, p. 1), while burdening the record with repetitive and duplicative arguments and briefing. In fact, the overly aggressive briefing and motion practice by Higgins' counsel can only be explained because, if Higgins' prevails, his resources will be plenty. If Higgins' escapes merit based review of his purported homestead exemption he will have avoided both secured and unsecured creditors and will have access to equity in valuable real property to which he has no entitlement under either state law or bankruptcy law. Higgins' efforts to portray counsel for Carter as "bad actors" are an obvious effort to deflect any analysis from the merits of his bankruptcy filings. Carter's sole objective is to have her claims and Higgins' exemptions addressed on their merits. That is what the law is designed to accomplish and that should be the relief accorded.

---

[1] Many of the assertions made by Higgins border on absurd such as his repeated claims that Carter "mischaracterized the record" by exposing the fatuousness of his own arguments through recasting them in clear language. Examples abound throughout his motion of this type of faulty reasoning.

4

                                      Elizabeth F. Carter,

                                      By her Attorneys,

                                      */s/ Douglas M. Marrano*
                                      Nancy M. Reimer, BBO #555373
                                      Warren D. Hutchison, BBO #246150
                                      Douglas M. Marrano, BBO #644030
                                      DONOVAN HATEM LLP
                                      Two Seaport Lane
                                      Boston, MA  02210
                                      (617) 406-4500

Dated: August 29, 2006

## CERTIFICATE OF SERVICE

     I certify that on this 29th day of August 2006, I have given notice of the forgoing by facsimile to:

Bill N. Jacob                                     Attorney for Debtor
805 Turnpike Street, Ste 201
North Andover, MA  01845

                                        */s/ Douglas M. Marrano*

01029743/23937.0