```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                                    )
ELIZABETH F. CARTER,                )
         Plaintiff,                 )
                                    )
     v.                             )  CIVIL ACTION NO. 06-10942-PBS
                                    )
TRACY K. HIGGINS,                   )
         Defendant.                 )
                                    )
```

**MEMORANDUM AND ORDER**

December 11, 2006

Saris, U.S.D.J.

    This dispute began when defendant Tracy K. Higgins failed to satisfactorily complete work on plaintiff Elizabeth F. Carter's kitchen.  Carter eventually won a judgment in Middlesex Superior Court in the amount of $326,664.92.  Because Higgins did not satisfy the judgment, Carter recorded the amount due as a lien against a home co-owned by Higgins and his ex-wife, who is not a party to this suit.  Higgins then filed for bankruptcy and later amended that filing to include a homestead exemption, which he had filed after leaving the home he still co-owned with his ex-wife.

    Carter filed a boilerplate complaint alleging in conclusory fashion that Higgins should not be permitted to discharge his debt because his conduct was fraudulent.  Higgins responded on March 2, 2006 with a motion to dismiss the complaint or require a more definite statement of the fraud claim as well as a motion to

avoid the lien placed on his property.  On March 20, Judge Somma of the U.S. Bankruptcy Court ordered Carter to amend her complaint by April 3 to plead the allegation of fraud more specifically.  On March 27, Judge Somma granted Higgins' lien avoidance motion because it was valid on its face and, two weeks after the filing deadline, Carter had still not filed a response.  Carter also missed the April 3 filing deadline and the following day, she filed two motions, one requesting reconsideration of Judge Somma's March 27 order and the other asking for more time to file her amended complaint.  Judge Somma denied both motions on April 6, finding that Higgins' March 2 motions were "properly served to permit a timely response" and that Carter's counsels' explanations for the delay in responding, "not recognizing the pleading and order as concerning the Movant and not recognizing them as directed to counsel due to name similarities to other lawyers in Boston," were "not persuasive."

    Trial courts "enjoy broad discretion in deciding motions brought under [Fed R. Civ. P. 60(b)]," and such decisions should be reviewed "only for abuse of that discretion."  <u>Hoult v. Hoult</u>, 57 F.3d 1, 3 (1st Cir. 1995).  The Supreme Court has held that the determination of what kind of neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).  <u>Pioneer</u> identified four factors that should be weighed

in an "excusable neglect" analysis: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id.  The First Circuit has placed particular emphasis on the "reason for the delay" factor. See, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) ("We have said that, while other factors play an important role in the 'excusable neglect' analysis, the reason-for-delay factor will always be critical to the inquiry.") (internal quotations omitted).  This is true even when there is little prejudice to the other party and the filing delay was slight.  See Hospital del Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001) ("[Even though it] is true that the delay in this case was only one day and that there was little danger of prejudice to the other party . . . at the end of the day, the focus must be upon the nature of the neglect.").  In light of the balancing that Pioneer employs, the importance of the "reason for the delay" factor, and the deference that this Court must exercise on review of a Bankruptcy Court's findings, Judge Somma's conclusion that Carter's lawyers' omissions were not "excusable" does not constitute an abuse of discretion, even if this Court would have ruled otherwise.

    I add that Carter had little likelihood of success on the merits of her fraud claim as the Superior Court specifically

3

stated that "[t]here was no unfair and deceptive practice or act on the part of [Higgins]."

Also, Carter's challenge to Higgins' motion to vacate the lien is on tenuous ground given that Higgins' ex-wife and children are living in the home in question and the "legislative purpose of [Mass. Gen. Laws ch. 188, § 1 (the homestead statute)] is to protect the home from the claims of creditors for the benefit of the homestead declarant *and his or her family*." In re Taylor, 280 B.R. 294, 296 (Bankr. D. Mass 2002) (emphasis added).

Carter's other claims are easy to counter. Carter waived her Rule 60(b)(4) argument that Judge Somma's granting of Higgins' motion to avoid the judicial lien is void because she failed to raise it prior to this appeal. Carter's Rule 60(b)(6) motion is barred because it is only applicable when relief under subsections (1)-(5) is not available. See In re Lafata, 344 B.R. 715, 726 (B.A.P. 1st Cir. 2006) ("A party may only use Rule 60(b)(6) when Rule 60(b)(1)-(5) do not apply. . . . Clause (6) may not be used as a vehicle for circumventing clauses (1) through (5).").

Higgins' motion for damages and costs is **DENIED** because he has failed to show that Carter's appeal was frivolous.

**S/PATTI B. SARIS**
United States District Judge