# United States Court of Appeals
## For the First Circuit

No. 07-1089

ELIZABETH F. CARTER,

Plaintiff, Appellant,

v.

TRACY K. HIGGINS,

Defendant, Appellee.

Before

Boudin, *Chief Judge*,
Selya, *Senior Circuit Judge*,
and Lipez, *Circuit Judge*.

JUDGMENT

Entered: October 26, 2007

This is a bankruptcy appeal. Counsel for judgment creditor Elizabeth Carter failed to respond to a lien avoidance motion by debtor Tracy Higgins, and failed to respond to an order for a more definite statement of complaint allegations of fraud interposed against discharge of the judgment debt. The opportunities to respond expired, and Carter's judgment effectively became unenforceable. After a very brief interval, counsel realized the error and sought relief by emergency motion.

Counsel for the creditor explained in open court that, after receiving notices, she mistakenly determined that the case in question was not hers and forwarded them to an attorney with a similar name with whom there had been other misdirections of mail and telephone calls over the years. The bankruptcy court judge said:

> I find no mistake, no inadvertence and no surprise. Moreover, while there is carelessness, good faith and

only a modest delay in the proceedings were the motion to be granted, there is nonetheless prejudice to the Debtor, who acted fully in accordance with procedural and substantive requisites, and no facts otherwise indicating an excusable reason for the delay - to the contrary, the reasons advanced seem fully within the control of the Movant.

Carter appealed to the district court, and the bankruptcy court's disposition was affirmed. This appeal followed.

The finding of prejudice was incorrect. See Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997)(explaining that prejudice does not consist of "hav[ing] a case reopened after it has been closed advantageously by an opponent's default"). The bankruptcy court's determination that counsel's neglect was not of the excusable variety, however, was within its discretion. A lawyer's failure to facially recognize pleadings that are part of the litigation initiated on behalf of the lawyer's own client could reasonably be deemed inadequate as grounds for reopening a closed matter.

The judgment is **affirmed**.

By the Court:

Richard Cushing Donovan, Clerk.


By: ____MARGARET CARTER____
        Chief Deputy Clerk.




[cc: Nancy M. Reimer, Esq., Warren D. Hutchinson, Esq., Douglas M. Marrano, Esq., Brian C. Newberry, Esq., Bill N. Jacob, Esq.]